## FRANK H. DURK
*vs.*
## MINNIE A. KITTREDGE

Superior Court          Hartford County          File No. 62447

MEMORANDUM FILED JANUARY 26, 1942.

*Butler, Howard, Volpe & Garrity,* of Hartford, for the
Plaintiff.

*Dennis P. O'Connor,* of Hartford, for the Defendant.

FOSTER, J. The principal and controlling question in this
action is the location of the boundary line between property
of the plaintiff and that of the defendant. The descriptions
in the deeds in evidence are uncertain and indefinite. Even
the lines of the roads bounding the properties are uncertain.
Mr. Thompson, an engineer offered as a witness by the plain-
tiff, testified in part as follows:

"Q—Tell us what facts you took into consideration in
establishing the east boundary of the Kittredge land where
the roads meet.

"A—The intersection part?

"Q—Yes.

"A—We had Mr. Case, First Selectman of Simsbury, come over one afternoon to—and asked him to establish the lines on these two streets, which he refused to do. At that time Mr. Case pointed out the point marked 'B' as being reasonably close to the intersection of those two lines.

"Q—Lines of trees?

"A—As to the two lines of the streets, the south line of the north road and the north line of the south road. When the Town sold to Mr. Kittredge they placed boundary stones, three concrete markers, one shown near the second pine tree at the intersection on the north side of the south road, a second one just on the west side of the drive leading into the Kittredge house, and the third one just west of the driveway leading into the Durk property.

"Q—When were they placed there?

"A—I asked Mr. Case why at the point of intersection the stone was not set on it, and he said it was much too hard to place it there. So from the First Selectman I took it these lines were reasonably close to his ideas of where the highway lines were.

"Q—And this is the point you take as the easterly portion of the Kittredge land?

"A—By deed; yes.

"Q—And you are connected with the State Highway Department, are you?

"A—Yes, I am.

"Q—Do you believe from your own knowledge that is the point?

"A—By being with the State I had accessibility to very fine records pertaining to ancient highways, and I looked up both of these roads in our records and am unable to find any original layout of them. From my experience with roads in the State, this one here measuring from the iron fence of the cemetery property—a property forty feet wide—I would think both of these roads, from the evidence of around forty feet, that they were probably laid out three rods wide or forty-nine and one-half feet.

"Q—So you would say that that property marked 'B', the

more easterly point 'A', you believe that the Kittredge land runs out to 'A' and is not part of the highway; is that correct?

"A—No, I do not.  I believe it runs to 'B.'

"Q—You believe it runs to B?

"A—Yes.

"Q—Mr. Case pointed out three concrete markers to you, did he not?

"A—Yes.

"Q—Did he tell you that was the boundary of the Kittredge land?

"A—No, he did not.  He said he put them there, because it was too hard to place them on the corner."

No one of the witnesses is certain where the lines of the property lie.  All of the witnesses, instead of being certain as to the facts to which they testify, are to a great extent uncertain.  Reading and re-reading the transcript of the testimony presented and comparing the testimony with the exhibits in evidence simply emphasizes the uncertainty of the truth of the situation.  It follows that any judgment based on such evidence would be uncertain, would probably not be the truth.

The boundary line between the property of the plaintiff and that of the defendant might better be established in the field and by a hearing held by "a committee of not more than three disinterested freeholders", in accordance with the provisions of section 5041 of the General Statutes, Revision of 1930.

The court is of the opinion that the parties should be left to seek redress by some other form of procedure.  (Practice Book [1934] §250[c]).

The claim of the plaintiff for a declaratory judgment is denied.

The claim of the plaintiff for an injunction is denied.

The counterclaim of the defendant is denied.